833 F.2d 1022
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
E.I. Dupont de NEMOURS & COMPANY, Plaintiff-Appellant,
v.
MALLINCKRODT, INC., Defendant-Cross Appellant.
 Nos. 87-1206, 87-1211
 United States Court of Appeals, Federal Circuit.
 October 8, 1987.
 
 Before MARKEY, Chief Judge, BALDWIN, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 MARKEY, Chief Judge.
 
 DECISION
 
 1
 In No. 87-1206, E.I. DuPont de Nemours & Company (DuPont) appeals from those parts of a certified order of the United States District Court for the Southern District of Ohio, 654 F. Supp. 890, 1 USPQ2d 1833 (1987), finding that: (1) Mallinckrodt, Inc. (Mallinckrodt) had not infringed claims 1, 13, 14, 16, 18-20, 27 and 28 of United States Patent No. 4,082,840 ('840 patent) when it manufactured Technescan PYP (PYP) and sold it for use in blood pool imaging; (2) Mallinckrodt induced infringement, but did not directly infringe, those claims of the '840 patent when it manufactured PYP and sold it for use in bone scanning and cardiac imaging; and (3) Mallinckrodt had not willfully infringed claims 1, 7 and 10 of United States Patent No. 3,851,044 ('044 patent).[1]
 
 
 2
 In No. 87-1211, Mallinckrodt cross-appeals from those parts of the order which held: (4) the asserted '840 and '044 patent claims and claims 1, 5 and 19 of DuPont's United States Patent No. 4,016,249 ('249 patent) are valid; and (5) Mallinckrodt had not proved laches.[2]
 
 
 3
 The findings of noninfringement and nonwillfulness in the infringement of the '044 patent were clearly erroneous. The holdings in respect of validity and laches were correct.
 
 OPINION
 I. No. 87-1206
 A. Infringement
 
 4
 Because the district court erroneously interpreted the asserted claims of the '840 patent, its findings that Mallinckrodt did not infringe those claims when it manufactured PYP and sold it for blood pool imaging, and did not directly infringe when it sold PYP for use in bone scanning and cardiac imaging, are clearly erroneous.
 
 
 5
 The record does not support the district court's determination that DuPont 'limited the claims of the patents in suit to99mTc-stannous-polyphosphate complexes formed in vitro.' 654 F. Supp. at 907, 1 USPQ2d at 1845. The asserted composition claims are drawn to no99mTc-stannous-polyphosphate complexes of any kind; they are drawn to stannous-phosphate complexes. Similarly, the asserted method claims are drawn to methods of preparing stannous-phosphate complexes, not99mTc-stannous-polyphosphate complexes.
 
 
 6
 The phrase 'for forming a complex with technetium-99m' in the preambles of independent composition claims 1, 27 and 28 is a statement of intended use, not a claim limitation. Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861, 868, 228 USPQ 90, 94 (Fed. Cir. 1985). Infringement occurred when Mallinckrodt made the claimed composition, and when it performed the claimed methods of making that composition. 35 U.S.C. Secs. 154, 271(a) (patent excludes making, using, or selling). Whether the claimed stannous-phosphate complexes were sold for blood pool imaging, and whether99mTc-stannous-polyphosphate complexes actually form during blood pool imaging, are therefore irrelevant considerations in determining infringement of the asserted '840 claims.
 
 
 7
 It is improper for courts to read into a claim a limitation explicitly set forth in another claim. SRI Int'l v. Matsushita Elec. Corp., 775 F.2d 1107, 1122, 227 USPQ 577, 586 (Fed. Cir. 1985) (in banc). The district court committed further legal error, therefore, when it expressly read into claim 1 of the '840 patent the limitation of nonasserted claim 15 it interpreted as requiring that technetium-99m-stannous-polyphosphate complexes be formed in vitro only.
 
 
 8
 Mallinckrodt's argument that the specification and prosecution history of the '840 patent show an intent to limit the invention to use in bone scanning is without merit. The claims, not the specification, measure the invention, Environmental Designs, Ltd. v. Union Oil Co., 713 F.2d 693, 699, 218 USPQ 865, 871 (Fed. Cir. 1983), cert. denied, 464 U.S. 1043 (1984), and no reason appears in this case for limiting the claims in light of the specification. That the inventors did not in prosecuting their application foresee use of the claimed stannous-phosphate complexes in blood pool imaging is irrelevant to whether manufacture of the claimed complexes, for that or any other use, infringes the asserted claims. Inventors are entitled to the benefit of all uses to which their inventions can be put. E.g., Roberts v. Ryer, 91 U.S. 150, 157 (1875); B.G. Corp. v. Walter Kidde & Co., 79 F.2d 20, 22, 26 USPQ 288, 290 (2d Cir. 1935) (L. Hand, J.).
 
 
 9
 Mallinckrodt has not challenged the finding that it induced infringement of the asserted '840 claims when it sold PYP for bone scanning and cardiac imaging. The finding of inducement, rather than a finding of direct infringement, was based on the erroneous limitation of the claims to in vitro reconstitution of PYP. As above indicated, when Mallinckrodt made PYP it infringed the claims drawn to the composition and to the method of making it.
 
 
 10
 The finding that manufacture of PYP did not infringe the asserted '840 patent claims because it was sold for use in blood pool imaging is clearly erroneous and must be set aside. Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985); Fed. R. Civ. P. 52(a).[3]
 
 B. Willfulness
 
 11
 Having made the unchallenged finding that Mallinckrodt infringed the '044 and '249 patents, the district court said it was exercising its 'discretion' in finding that infringement nonwillful, 654 F. Supp. at 909, 1 USPQ2d at 1846, and noted that Mallinckrodt did not copy the inventions, id. at 903, 1 USPQ2d at 1841.
 
 
 12
 A determination of willfulness or nonwillfulness is a distinct finding of fact, not an exercise of discretion, and is based on the totality of the circumstances. Kloster Speedsteel AB v. Crucible Inc., 793 F.2d 1565, 1579, 230 USPQ 81, 91 (Fed. Cir. 1986), cert. denied, 107 S. Ct. 882 (1987); Underwater Devices Inc. v. Morrison-Knudsen Co., 717 F.2d 1380, 1389-90, 219 USPQ 569, 576-77 (Fed. Cir. 1983).
 
 
 13
 Respecting the '044 patent, the district court's findings do not support its ultimate finding of nonwillfulness. On the contrary, they require the only alternative finding, that of willfulness. The court found: (1) Mallinckrodt initiated and lost an interference involving the '044 patent; (2) Mallinckrodt continued to make and sell PYP after losing the interference; (3) Mallinckrodt did not evaluate infringement or validity of the '044 patent until after DuPont sued in 1983. 654 F. Supp. at 902, 1 USPQ2d at 1841. That Mallinckrodt did not initially copy DuPont's invention did not alter its duty to exercise due care once it had notice of DuPont's patent rights. See Ralston Purina Co. v. Far-Mar-Co., 772 F.2d 1570, 1577, 227 USPQ 177, 181 (Fed. Cir. 1985). Nor did DuPont's delay in filing suit alter that duty. See Leinoff v. Louis Milona & Sons, Inc., 726 F.2d 734, 742-43, 220 USPQ 845, 851 (Fed. Cir. 1984). The totality of the circumstances appearing in the record and the express findings listed above lead to an ultimate finding that Mallinckrodt willfully infringed the '044 patent. Thus the finding of nonwillfulness is clearly erroneous and must be set aside. Kloster Speedsteel, 793 F.2d at 1579, 230 USPQ at 91.
 
 
 14
 We express no view on whether the district court, in the exercise of its discretion, should or should not award increased damages based on Mallinckrodt's willful infringement of the '044 patent. Kloster Speedsteel, 793 F.2d at 1580, 230 USPQ at 91.
 
 II. No. 87-1211
 A. Validity
 
 15
 The district court's discussion of Mallinckrodt's research efforts and the interference refutes the assertion that it failed to consider Mallinckrodt's argument that it independently arrived at the claimed inventions. 654 F. Supp. at 896-97, 902, 1 USPQ2d at 1836-1837, 1840-41. Independent invention may or may not be indicative of obviousness. Hybritech Inc. v. Monoclonal Antibodies, Inc., 802 F.2d 1367, 1380 n.4, 231 USPQ 81, 91 n.4 (Fed. Cir. 1986), cert. denied, 107 S. Ct. 1606 (1987); Lindemann Maschinenfabrik v. American Hoist & Derrick, 730 F.2d 1452, 1460-61, 221 USPQ 481, 487 (Fed. Cir. 1984). The present record supports the district court's conclusion that it was not.
 
 
 16
 Mallinckrodt cites evidence supporting its view of the prior art and the properties of hydroxyapatite, but ignores the ample evidence supporting the court's findings. Mallinckrodt 'cannot, by citing only evidence favorable to it, create in us a definite and firm conviction that a mistake has been committed.' Amstar Corp. v. Envirotech Corp., 823 F.2d 1538, 1543, 3 USPQ2d 1412, 1416 (Fed. Cir. 1987). Thus we cannot view as clearly erroneous the challenged findings on the prior art and hydroxyapatite. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).
 
 
 17
 Mallinckrodt's attack on the credibility of Camin and Davis has not convinced us of clear error in the finding that the claimed inventions displaced prior art bone-scanning agents. '[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error.' Anderson, 470 U.S. at 575.
 
 
 18
 Mere arguments of counsel are inadequate to sustain Mallinckrodt's burden on appeal and cannot supply a basis for overturning the conclusion that it failed to carry its burden of proving the claimed subject matter would have been obvious under 35 U.S.C. Sec. 103.
 
 
 19
 Because no evidence supports Mallinckrodt's assertion that the district court read into claim 1 of the '840 patent the limitations of claims 13 and 14, we cannot view as clearly erroneous the court's finding that claim 1 was not anticipated by the Mesmer, Vaid I, and Purin references.
 
 B. Laches
 
 20
 The district court correctly applied Leinoff, 726 F.2d at 741, 220 USPQ at 850. Mallinckrodt's argument that DuPont's delay was unreasonable and inexcusable ignores the ample evidence supporting the finding that it was not. We cannot, therefore, view that finding as clearly erroneous and need not consider Mallinckrodt's argument that it was prejudiced.
 
 
 
 [1]
 DuPont does not appeal from those parts of the order finding nonwillfulness in the infringement of the asserted '249 and '840 patent claims
 
 
 [2]
 Mallinckrodt does not appeal from those parts of the order finding infringement of the '044 and '249 patents, or from those parts of the order holding all three patents enforceable
 
 
 [3]
 Because Mallinckrodt raised no defense of the reverse doctrine of equivalents in the district court, it cannot do so here